IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| POPLAR BLUFF INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff | ) | Case No.: 1:18-cv-00213 |
| | ) | |
| vs. | ) | |
| | ) | |
| HARTFORD FIRE INS. CO. and | ) | |
| HARTFORD CASUALTY INS. CO. | ) | |
| | ) | |
| Defendants | ) | |

ANSWER TO COMPLAINT

COME NOW Defendants, HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY (hereinafter "Hartford"), by and through counsel, and for their Answer to Plaintiff's Complaint state as follows:

PARTIES, JURISDICTION AND VENUE

1.  Defendants Hartford are without knowledge as to the allegations of paragraph 1 and, therefore, said allegations are hereby denied.

2.  Admitted.

3.  Admitted.

4.  Admitted.

5.  Admitted.

6.  Admitted.

ALLEGATIONS COMMON TO ALL COUNTS

7.  Admitted.

8. Defendants Hartford admit that the described policy provides limits of insurance as described in said policy, but otherwise deny the allegations of paragraph 8.

9. Admitted.

10. Defendants Hartford are without knowledge as to the allegations of paragraph 10 and, therefore, said allegations are hereby denied.

11. Defendants Hartford are without knowledge as to the allegations of paragraph 11 and, therefore, said allegations are hereby denied.

12. Defendants Hartford are without knowledge as to the allegations of paragraph 12 and, therefore, said allegations are hereby denied.

13. Denied.

14. Defendants Hartford admit that Plaintiff notified Hartford of the claim and that Plaintiff was seeking coverage under the policy, but Hartford otherwise denies the allegations of paragraph 14.

15. Admitted.

16. Admitted.

17. Defendants Hartford admit that Hartford covered interior water damage pursuant to the terms of the policy, but otherwise deny the allegations of paragraph 17.

18. Defendants Hartford are without knowledge as to the allegations of paragraph 18 and, therefore, said allegations are hereby denied.

19. Defendants Hartford admit that Hartford properly denied all other portions of Plaintiff's claim, but otherwise deny the remaining allegations of paragraph 19.

20. Denied.

21. Defendants Hartford admit that Hartford would consider additional materials provided by Plaintiff, but otherwise deny the allegations of paragraph 21.

22. Denied.

23. Defendants Hartford admit that a letter as described in paragraph 23 was provided to Hartford, but otherwise deny the allegations of paragraph 23.

24. Defendants admit that they retained a structural engineer with SEA Ltd. to inspect the property and give Hartford an opinion as to the cause of the loss, but otherwise deny the allegations of paragraph 24.

25. Denied.

26. Defendants Hartford admit that Hartford sent a letter on November 11, 2016 affirming the partial denial of Plaintiff's claim, but otherwise deny the allegations of paragraph 26.

27. Defendants Hartford admit that the parties exchanged e-mails and other correspondence and that said e-mails and other correspondence are part of Hartford's claim file, but Hartford otherwise denies the arguments and allegations contained in paragraph 27.

28. Defendants Hartford admit that the parties exchanged e-mails and other correspondence and that said e-mails and other correspondence are part of Hartford's claim file, but Hartford otherwise denies the arguments and allegations contained in paragraph 28.

29. Defendants Hartford admit that the parties exchanged e-mails and other correspondence and that said e-mails and other correspondence are part of Hartford's claim file, but Hartford otherwise denies the arguments and allegations contained in paragraph 29.

30. Defendants Hartford admit that the parties exchanged e-mails and other correspondence and that said e-mails and other correspondence are part of Hartford's claim file, but Hartford otherwise denies the arguments and allegations contained in paragraph 30.

31. The report of SRI will speak for itself and Hartford otherwise denies the allegations of paragraph 31.

32. The report of SRI will speak for itself and Hartford otherwise denies the allegations of paragraph 32.

33. The letter of October 24, 2017 will speak for itself and Hartford otherwise denies the allegations of paragraph 33.

34. The correspondence of December 12, 2017 will speak for itself and Hartford otherwise denies the allegations of paragraph 34.

35. The correspondence of May 24, 2017 will speak for itself and Hartford otherwise denies the allegations of paragraph 35.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

COUNT I

40. See responses to paragraphs 1 through 39 above.

41. Admitted.

42. Denied.

43. The policy speaks for itself and the allegations of paragraph 43 are otherwise denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Admitted.

50. Admitted.

51. Denied.

52. The policy and its coverages will speak for themselves and the remaining allegations of paragraph 52 are hereby denied.

53. Denied.

54. Admitted.

55. Admitted.

56. Denied.

57. The policy and its coverages will speak for themselves and the remaining allegations of paragraph 57 are hereby denied.

58. The policy and its coverages will speak for themselves and the remaining allegations of paragraph 58 are hereby denied.

59. Admitted.

60. Admitted.

61. Denied.

62. The policy and its coverages will speak for themselves and the remaining allegations of paragraph 62 are hereby denied.

63. Denied.

64. Admitted.

65. Admitted.

66. Denied.

67. The policy and its coverages will speak for themselves and the remaining allegations of paragraph 56 are hereby denied.

68. Denied.

69. Admitted.

70. Admitted.

71. Denied.

72. The policy and its coverages will speak for themselves and the remaining allegations of paragraph 72 are hereby denied.

73. Admitted.

74. Admitted.

75. Denied.

76. Denied.

77. Denied.

WHEREFORE, having fully answered Count I of Plaintiff's Complaint, Defendants pray to be hence dismissed with their costs.

## COUNT II

78. See responses to paragraphs 1 through 77 above.

79. Admitted.

80. The policy and its coverages will speak for themselves and the remaining allegations of paragraph 80 are hereby denied.

81. Admitted.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

WHEREFORE, having fully answered Count II of Plaintiff's Complaint, Defendants pray to be hence dismissed with their costs.

## AFFIRMATIVE DEFENSES

COME NOW Defendants, by and through counsel, and state the following Affirmative Defenses.

1. In pertinent part, the Hartford policy provides as follows:

**PROPERTY CHOICE COVERAGE FORM**
(PROPERTY)
Form PC 00 10 01 13

   **A.**   **COVERAGE**
We will pay for direct physical loss of or direct physical damage to the following types of Covered Property caused by or resulting from a Covered Cause of Loss.

7

3. **Covered Causes of Loss**
See Property Choice - Covered Causes of Loss and Exclusions Form.

B. **EXCLUSIONS**

See the Property Choice - Covered Causes of Loss and Exclusions Form.

## PROPERTY CHOICE - COVERED CAUSES OF LOSS AND EXCLUSIONS FORM
Form PC 10 10 01 13

A. **COVERED CAUSES OF LOSS**

Covered Causes of Loss means direct physical loss or direct physical damage that occurs during the Policy Period and in the Coverage Territory unless the loss or damage is excluded or limited in this policy.

B. **EXCLUSIONS**

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage:

    **a. Acts, Errors or Omissions**
    Acts, errors or omissions by you or others, whether before or after the acquisition of any Covered Property, in any of the following activities:

    (1) Planning, zoning, developing, surveying, testing or siting property;

    (2) Establishing or enforcing any building code, or any standard, ordinance or law about the construction, use or repair of any property or materials, or requiring the tearing down of any property, including the removal of its debris; or

    (3) Any of the following as to any part of land, buildings, roads, water or gas mains, sewers, drainage ditches, levees, dams, other structures or facilities, or to or for any Covered Property:

    (a) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; or

    (b) Furnishing of work, materials, parts or equipment in connection with the design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction.

> The Acts, Errors or Omissions Exclusion applies whether or not the property or facilities described above are Covered Property under this policy or on or away from a "Scheduled Premises".
>
> But if direct physical loss or direct physical damage to Covered Property by fire, explosion or "Sprinkler Leakage" results, we will pay for the resulting loss or damage caused by that fire, explosion or "Sprinkler Leakage".

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

> **c. Change of Temperature, Dampness or Dryness**
> (1)  Dampness or dryness of atmosphere; or
> (2)  Changes in or extremes of temperature.
>
> **l. Settling, Cracking to Buildings or Structures**
> **(1)** Settling, cracking, shrinking or expansion of buildings or structures, bridges, roadways, walks, patios or concrete or paved surfaces.

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.f.** But if direct physical loss or direct physical damage to Covered Property by a Covered Cause of Loss results, we will pay for the resulting loss or damage caused by that Covered Cause of Loss.

> a.  Wear and tear, or change in color, texture, or finish;
> b.  Rust, corrosion, decay, or deterioration;
> c.  Hidden or latent defect or any quality in property that causes it to damage or destroy itself;
> d.  Maintenance;
> e.  Smog; or
> f.  Shrinkage, evaporation, or loss of weight of "Stock".

2.  There was no direct physical loss or physical damage to Plaintiff's roof from a covered cause of loss and, therefore, there was no coverage for the loss described in Plaintiff's Complaint.

3.  Plaintiff and defendant have a good faith disagreement as to whether or not the loss described in Plaintiff's Complaint was a covered cause of loss and Defendants should be entitled to litigate this good faith dispute without exposure for the penalty damages allowed by the Missouri Vexatious Refusal Statutes.

9

WHEREFORE, having fully answered Defendants pray to be hence dismissed with their costs.

Respectfully submitted,

*/s/ Scott C. Harper*
Scott C. Harper, #31378
Lee J. Karge, #56940
BRINKER &DOYEN, LLP
34 North Meramec – 5th Floor
St. Louis,  MO  63105
314.863.6311 – Phone; 314.863.8197 – Fax
harper@brinkerdoyen.com
lkarge@brinkerdoyen.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 13th day of September, 2018, to all counsel of record.

*/s/ Scott C. Harper*