IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| POPLAR BLUFF INDUSTRIES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-00213 |
| | ) |
| HARTFORD FIRE INSURANCE COMPANY, *et al*., | ) |
| | ) |
| Defendants. | ) |

**POPLAR BLUFF INDUSTRIES, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENAS AND/OR FOR PROTECTIVE ORDER**

Plaintiff Poplar Bluff Industries, Inc. ("PBI") opposes the *Motion to Quash Subpoenas and/or For Protective Order* (Doc. 31) ("Motion to Quash") filed by defendants Hartford Fire Insurance Co. and Hartford Casualty Insurance Co. (collectively, "Hartford") by stating as follows:

**I.      THE MOTION TO QUASH IS IMPROPER.**

**A.      Hartford has not made a good-faith effort to resolve this dispute.**

The Court should not consider this motion relating to discovery and disclosure because it does not contain "a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable effort to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord." Local Rule 37-3.04(A). Indeed, movant's counsel made no effort to resolve this dispute prior to filing the Motion to Quash.

### B. The Motion to Quash is not timely.

PBI served a notice and copies of the subpoenas to Hartford on October 15, 2018, which was after the parties' Rule 26 conference. Fed. R. Civ. P. 45(a)(4); **Exhibit 1**. PBI served the Nelson Subpoena on October 23, 2018, the Tines Subpoena on October 30, 2018 and the S-E-A Subpoena on October 24, 2018. **Exhibit 2**. Their responses were due on November 26, 2018, December 3, 2018 and November 23, 2018 respectively.[1] Objections were due by those response dates, but none were filed. Fed. R. Civ. P. 45(d)(2)(B). A motion to quash or modify a subpoena must be "timely." Fed. R. Civ. P. 45(d)(3)(a).

### C. Hartford does not have the authority to make these objections.

Objections must be made by the "person commanded to produce documents," which is not Hartford. Fed. R. Civ. P. 45(d)(2)(B). No subpoena recipient has made any objections. Hartford has interfered with valid subpoenas. Upon information and belief, Hartford has instructed both Tines and S-E-A not to respond to their subpoenas, and both responses are now past due.

## II. THE SUBPOENAS ARE PROPER.

The subpoenas give each recipient thirty days to provide responsive documents. (Doc. 31-1 p. 1). They are from PBI's counsel and provide counsel's contact information for responses to be sent by mail or electronically. (Doc. 31-1 p. 3). Nelson promptly responded to the subpoena without difficult or confusion. This form is less burdensome on the respondents than commanding them to physically deliver documents to a particular place at a particular time. A Fed. R. Civ. P. 45(d)(3)(A)(i) motion to quash is only warranted where subpoenas do not "allow a reasonable time to comply." No one is insinuating that thirty days is not "a reasonable time to comply."

---

[1] Nelson provided its responses on October 31, 2018.

### III.   THE SUBPOENAS SEEK DISCOVERABLE INFORMATION.

Hartford did not merely consult with Nelson, Tines, and S-E-A.  It sent those parties to the Property to inspect the roof at issue shortly after the storms.  Those parties prepared reports, and Hartford sent those reports to PBI.  **Exhibit 3.** Ultimately, Hartford represented to PBI that the Nelson, Tines, and S-E-A reports were the basis for denying PBI's Claim.  *Id*.

PBI has alleged that Hartford refused to pay PBI's Claim without reasonable cause or excuse.  (Doc. 1 ¶¶ 83, 85); Mo. Rev. Stat. § 375.420.  Regardless of what new excuses it might concoct before trial, Hartford previously informed PBI that Hartford's cause for denying PBI's claims was the conclusions reached by Nelson, Tines, and S-E-A.  PBI is entitled to conduct discovery on those previously given excuses, including seeking documents from Nelson, Tines, and S-E-A.  For example, if any of the following documents were produced, they would be critical in this case:

- An e-mail from Hartford directing S-E-A to find no coverage;
- A prior draft of a report concluding that storms did damage the roof;
- An e-mail from S-E-A to Hartford suggesting that this claim should be covered; or
- A fee arrangement whereby Hartford pays Tines more if Tines finds no coverage.

There may not be any "smoking guns" in the subpoena responses, but PBI has the right to ask. Frankly, Hartford's aggressive opposition[2] to these subpoenas raises red flags.

### A.   Nelson, Tines, and S-E-A are fact witnesses, not experts.

The documents sought in the subpoenas are the facts of this case and are not subject to Fed. R. Civ. P. 26(b)(4).  In "a vexatious refusal to pay claim, the strategy, mental impressions,

---

[2] Hartford prioritized filing this motion over providing its overdue initial disclosures.

and opinion of the insurer's agents concerning the handling of the claim are directly at issue." *Bush Props. v. Nat'l Union Fire Ins. Co.*, Case No. 4:12CV2318SNLJ, 2014 U.S. Dist. LEXIS 84884, at *13 (E.D. Mo. June 23, 2014) (compelling production from agent's for insurer and quoting *Lloyd's Acceptance Corp v. Affiliated FM Ins. Co.*, 4:05CV1934 DDN, 2012 U.S. Dist. LEXIS 56405, 2012 WL 1389708, at *5-6 (E.D. Mo. April 23, 2012)).  Hartford collected premiums from PBI for years.  When PBI made a Claim on the Policy, Hartford denied it, leaving PBI in dire straits.  This case is about whether or not Hartford's decision to deny coverage was correct and justified.  Hartford must be transparent with its insured and the Court about the facts and reasoning that culminated in its denial.  It cannot deny a multimillion-dollar claim and then assert that its reasons for doing so are privileged.

Hartford did not hire Nelson, Tines, or S-E-A as experts in anticipation of litigation.[3]  It hired them as investigators to adjust an insurance claim.  It then conveyed their reports to PBI as the basis for denying PBI's Claim.  In so doing, Hartford has waived any privilege that might be associated with their documents regarding this Claim.

Alternatively, exceptional circumstances warrant this discovery.  This discovery is the only means by which PBI can learn the source material that Hartford alleges justified denying the Claim.

### B. The subpoenas are not overly broad.

Paragraph one seeks all communications referring to Plaintiff, and Paragraph two seeks documents referring to Plaintiff.  PBI is not aware of any reason that Nelson, Tines, or S-E-A would have communications or documents referring to PBI other than as a result of their investigations into PBI's Claim against Hartford.  In context, no date or subject matter

---

[3] Note that, even today, Hartford cannot tell us if Nelson, Tines, and S-E-A will be consulting experts or testifying experts.  (Doc. 31 pp. 3-5).

restrictions are necessary.  If a subpoena recipient informs PBI that this request, or any request, is a practical burden, PBI is happy to work with them directly to make responding to the subpoena as easy as possible.  So far, Nelson has already responded to the subpoena.  Tines has not responded to the subpoena or returned follow-up calls.  S-E-A has reported that Hartford's counsel has instructed S-E-A not to respond to the subpoena.

If any subpoena recipient believes that any requests encompass documents that are privileged or otherwise protected, that recipient should list those documents on a privilege log while producing the responsive non-protected documents.

Paragraphs three and four seek communications between the subpoena recipients and PBI about the Property at issue in this case.  Hartford asserts that it is improper for PBI to request correspondence to which PBI itself was a party because the request is "not limited to any relevant portion of Plaintiff's Property." (Doc. 31 p. 7).  To the best of PBI's knowledge, the only reason that Nelson, Tines, or S-E-A has ever corresponded with PBI about PBI's Property is as a result of this insurance Claim.  If any of them felt it necessary to comment on any portion of the Property, PBI is entitled to know.

Paragraphs five and six seek communications relating to Claim No. CP16139243. Hartford asserts that these requests are not reasonably particular despite the fact that they refer to the specific Hartford claim number at issue in this case.  Again, if a subpoena recipient is concerned about protected documents, it should submit a privilege log so that PBI and the Court can assess the claimed privilege.

Paragraphs seven and eight seek documents and communications related to PBI's requests for coverage from Hartford.  To the best of its knowledge, PBI's only request for coverage from Hartford arose out of the storms that are the subject of this lawsuit.  These

requests compliment requests five and six in that they seek documents that subpoena recipients might not have associated with a particular claim number.  It also addresses the possibility that the two Hartford companies assigned different claim numbers to the same occurrence.  If PBI had other claims with Hartford, it is unlikely that any of the subpoena recipients were involved with or have documents relating to those other claims.  If they did, PBI would be entitled to learn if Hartford handled different PBI claims differently.

Finally, Hartford objects to PBI's use of the phrase "principal documents" in paragraph nine.  This phrase makes the request less onerous than a request seeking "all documents." Nelson, Tines, and S-E-A can ascribe the ordinary meaning to the word "principal."  There is nothing about that word that makes the request difficult or confusing.

Hartford has not discussed a proposed protective order with PBI, but Hartford did ask for one in its Motion to Quash. While it is not necessary to destroy the documents previously produced by Nelson,[4] PBI is open to discussing an appropriate protective order limiting the disclosure of produced documents in an effort to address Hartford's concerns.

WHEREFORE, plaintiff Poplar Bluff Industries, Inc. prays that the Court deny defendants' *Motion to Quash Subpoenas and/or For Protective Order* (Doc. 31); compel compliance with the subpoenas; award PBI its costs and attorney's fees; and award such other and further relief as is just and proper.

---

[4] Hartford has not identified any specific documents produced by Nelson that allegedly contain privileged or protected information.

Respectfully submitted,

**LEVY CRAIG LAW FIRM**
A PROFESSIONAL CORPORATION

By  */s/ Shane C. Mecham*
    Shane C. Mecham          MO #56871
    4520 Main Street, Suite 1600
    Kansas City, Missouri 64111
    (816) 474-8181
    Fax: (816) 382-6606
    smecham@levycraig.com
    *Attorney for Plaintiff Poplar Bluff Industries*

## CERTIFICATE OF SERVICE

I, Shane Mecham, confirm that on this 12th day of December, 2018 a true and correct copy of the foregoing has been served upon all counsel of record via the electronic filing system maintained in this jurisdiction and designated for the filing and service of pleadings.

By: */s/ Shane C. Mecham*
    *Attorney for Plaintiff*