IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| POPLAR BLUFF INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:18-cv-00213 |
| | ) | |
| vs. | ) | |
| | ) | |
| HARTFORD FIRE INS. CO. and | ) | |
| HARTFORD CASUALTY INS. CO., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND/OR FOR PROTECTIVE ORDER**

COME NOW Defendants, HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY (hereinafter "Defendants"), by and through counsel, pursuant to the Federal Rules of Civil Procedure, for their Reply Memorandum in Support of their Motion to Quash Subpoenas and/or for Protective Order, state as follows:

**I.      SUBPOENAS ARE IMPROPER**

Plaintiff failed to respond in any way to <u>the</u> key argument of Defendants' Motion: **it is entirely improper to subpoena documents from an opposing parties' experts** (regardless of whether the experts are testifying experts or consultants/non-testifying experts). *Westchester Surplus Lines Ins. Co. v. Interstate Underground Warehouse & Storage, Inc.*, No. 16-00136-CV-W-HFS, 2017 WL 2313288, at *2 (W.D. Mo. May 18, 2017)(unpublished); *Morriss v. BNSF Ry. Co.*, No. 8:13CV34 at *6-*7; 2014 WL 128393 (D. Neb. Jan. 13, 2014); *Marsh v. Jackson*, 141 F.R.D. 431, 433 (W.D. Va. 1992).  If Plaintiff believes the scope of the subpoenas is proper, Plaintiff should serve requests pursuant to, and in compliance with, Rule 34.  To date, Plaintiff has failed to do so.

1

## II.  DEFENDANT'S STANDING TO OBJECT

Plaintiff's argument that Defendants lack "authority" to object to these subpoenas is disingenuous. "[A] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed **except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena**." *National Ben. Programs, Inc. v. Express Scripts, Inc.*, No. 4:10CV907 AGF, 2011 WL 6009655 at *3 (E.D. Mo. Dec. 1, 2011)(emphasis added). Here, Defendants have the personal rights to the manner in which expert discovery must be conducted under the Federal Rules, which Plaintiff has blantantly disregarded. *Westchester Surplus Lines Ins. Co. v. Interstate Underground Warehouse & Storage, Inc.*, No. 16-00136-CV-W-HFS, 2017 WL 2313288, at *2 (W.D. Mo. May 18, 2017)(unpublished); *Morriss v. BNSF Ry. Co.*, No. 8:13CV34 at *6-*7; 2014 WL 128393 (D. Neb. Jan. 13, 2014); *Marsh v. Jackson*, 141 F.R.D. 431, 433 (W.D. Va. 1992). Defendants have the right to control their expert discovery, and the right to assert work product protections associated with discovery of non-testifying experts. *State Auto. Ins. Companies v. Briley*, 140 F.R.D. 394, 396 (E.D. Mo. 1992); *see also* Fed. R. Civ. P. 26(b)(4)(D); *Agar v. Stormont Hospital and Training School for Nurses*, 622 F.2d. 496, 503 (10th Cir. 1980). As such, they have standing to pursue the requested relief.

## III.  OBJECTION IS TIMELY

Plaintiff argues that Defendants' Motion is untimely. However, deficiencies in Plaintiff's subpoenas hindered Defendants' opportunity to discern the time by which production, or objection, should be made.

Rule 45(a)(1)(A)(iii) requires that a subpoena set forth a specified time and place for the production to occur. Fed. R. Civ. P. 45(a)(1)(A)(iii). Plaintiff did not designate a specific time for

2

production which could be determined from the subpoena.  (Doc. 31-1, 31-2, & 31.3.)  Rather, Plaintiff tied the date of production to the date of service.  No time of production on any particular date was noted.  Then Plaintiff neglected to notify Defendants of the dates of service of the subpoenas on the non-disclosed experts.  Thus, Defendants were unaware of the dates on which responses, or objections, were purportedly due.  Plaintiff should not be allowed to use its failure to comply with Rule 45(a)(1)(A)(iii), and failure to give Defendants notice of when responses to the subpoenas were due, to defeat Defendants' opportunity to object.

Furthermore, Plaintiff's subpoenas did not designate a place for production of records as required by the Rules.  *Id.*  Upon information and belief, Plaintiff's counsel did not appear at any particular time or place to obtain the requested documents pursuant to any subpoenas (likely because no specified date, time, or place was identified in any of the subpoenas).  Parties and non-parties should not be required to guess and assume at times, dates, and locations.  That information should be specified in the subpoena.  In this case, it was not.  Without that information, it is unjust for Plaintiff to now argue that Defendants' objections were untimely.

**IV.     LOCAL RULE INAPPLICABLE**

Plaintiff argues that Defendants failed to comply with a local "meet and confer" requirement.  Had Plaintiff issued discovery to Defendants, the local rule may have applied.  However, Plaintiff issued subpoenas to third-parties.  Subpoenas are governed by Rule 45, a subsection of Title VI of the Federal Rules (entitled "Trials"), rather than Title V (governing "Disclosures and Discovery").  Since this dispute involves subpoenas rather than the discovery mechanisms set forth in Title V, Rule 37-3.04(A) should not apply.

Regardless, the dispute appears irreconcilable. Plaintiff improperly served defective subpoenas on Defendant's non-disclosed experts. Since Defendant filed its Motion, Plaintiff has not withdrawn the subpoenas and has not agreed to destroy the documents improperly obtained in response to the subpoenas. In its Memorandum in Opposition, Plaintiff defiantly argues its subpoenas are proper. (Doc. 33.) Given the impasse, resolution by agreement is improbable.

V.      DEPONDENTS ARE NON-TESTIFYING EXPERTS

Plaintiff characterizes the deponents (i.e. the consulting experts) as "fact witnesses" and "agents" of Defendants. (Doc. 33 pp. 3-4.) However, Plaintiff provides absolutely no precedent to supports its argument that consulting experts hired by an insurer are considered either "agents" of the insurer or "fact witnesses". The *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.* opinion involved production of emails exchanged between the insurer's claims manager, claims adjuster, and attorney. No. 4:05CV1934DDN, 2012 WL 1389708, at *1 (E.D. Mo. Apr. 23, 2012). The *Busch Properties, Inc. v. National Union Fire Insurance Co.* case involved a motion to compel the deposition of the insurer's claims analyst/adjuster. No. 4:12CV2318SNLJ, 2014 WL 2815655 (E.D. Mo. June 23, 2014). None of these cases characterized non-testifying third-party experts as "agents" of the insurer, and none of these cases considered these third-parties as "fact witnesses". In fact, none of these cases even addressed third-party expert witnesses at all.

The deponents—all experts hired to investigate and assess Plaintiff's roof claim—are, at this juncture, non-testifying experts. *See, e.g., Spearman Industries, Inc. v. St. Paul Fire and Marine Ins. Co.*, 128 F.Supp.2d 1148 (N.D. Ill. 2001)(appraiser who, acting at insured's request, assessed roof damage was non-testifying expert). Contrary to Plaintiff's arguments, discovery of non-testifying experts is extremely limited. *See., e.g., State Auto Ins. Co. v. Briley*, 140 F.R.D. 394, 396 (E.D. Mo. 1992). Rule

4

26(b)(4)(D) prohibits an opponent from discovering the "facts known" by the non-testifying expert. Fed. R. Civ. P. 26(b)(4)(D). Thus, even as purported "fact witnesses", the Plaintiff cannot obtain the alleged facts of such experts in discovery.

Furthermore, Plaintiff suggests Defendants are obligated to produce privilege logs related to the file materials of its non-testifying experts. Plaintiff provides no precedent upon which its position is based. Notably, if Defendants are not obligated to even identify who theeir consulting experts are, they certainly should not be obligated to generate a privilege log of their file materials unless Plaintiff can convince this Honorable Court that there are some "exceptional circumstances" which require production of these materials. Fed. R. Civ. P. 26(b)(4)(D)(ii). Plaintiff has not presented any such argument.

## VI. NO GROUNDS FOR ATTORNEYS' FEES

Plaintiff prays for attorneys' fees and costs. (Doc. 33 p. 6.) Plaintiff provides no basis for its position that it is entitled to attorneys' fees and costs. Thus, the requested relief should be denied.

WHEREFORE Defendants, Hartford Fire Insurance Company and Hartford Casualty Insurance Company, respectfully request that their Motion to Quash Subpoenas and/or for a Protective Order be granted, and that the subpoenas at issue be quashed, with a Protective Order entered, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Lee J. Karge*
Scott C. Harper, #31378
Lee J. Karge, #56940
BRINKER &DOYEN, LLP
34 North Meramec – 5th Floor
St. Louis, MO 63105
314.863.6311 – Phone; 314.863.8197 – Fax
harper@brinkerdoyen.com

5

> lkarge@brinkerdoyen.com
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 28th day of December 2018, to all counsel of record.

<u>*/s/ Lee J. Karge*</u>